1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10                WESTERN DIVISION

| | |
|---|---|
| CAROLE YOUNG, | Case No. CV 13-3055-DFM |
|         Plaintiff, | |
|       v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
|         Defendant. | |

Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") failed to provide specific and legitimate reasons for discounting the medical opinion of Plaintiff's treating physician. Therefore, the Court reverses the ALJ's decision and remands to the ALJ for reconsideration of Plaintiff's residual functional capacity ("RFC") assessment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for social security disability insurance ("SSDI") benefits, alleging disability beginning November 1, 2002. Administrative Record ("AR") 13. The ALJ declined to reopen Plaintiff's prior

concurrent applications, which were initially denied on May 6, 2004. <u>Id.</u> The ALJ found that Plaintiff's date last insured was September 30, 2006. AR 14. The relevant time period of disability before the ALJ was thus from May 7, 2004, through September 30, 2006. <u>Id.</u>

The ALJ concluded that Plaintiff had the following severe impairments during the relevant period: "musculoskeletal system by degenerative disc disease of the low back and mental disorders by depression and alcohol abuse." AR 16. The ALJ found that Plaintiff retained the RFC to perform the full range of light work. AR 18. When formulating this RFC, the ALJ assigned "less weight" to the opinion of Dr. Derrick Butler, Plaintiff's treating physician. AR 20. The ALJ then concluded, based upon the testimony of a vocational expert ("VE"), that Plaintiff's RFC would allow her to perform her past relevant work as an office manager, either as actually performed or as generally performed in the regional and national economy. AR 21.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ properly discounted Dr. Butler's medical opinion. <u>See</u> Joint Stipulation ("JS") at 4-13.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401; <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th

Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.

## DISCUSSION

Dr. Butler is a family medicine physician at the T.H.E. Clinic. AR 20. On June 21, 2011, Dr. Butler provided a Physical Residual Functional Capacity Questionnaire assessing Plaintiff's impairments and their effect on her ability to function in work situations. AR 263-266. Plaintiff's medical records reflect that she visited the clinic several times from 2004 to 2006, and continued to visit the clinic regularly until the date of Dr. Butler's opinion, meeting with different treating clinicians. See AR 200-232, 246-262. Dr. Butler indicated in his responses to the questionnaire that Plaintiff has been seen monthly at the clinic since 2004; he also indicated that her symptoms and limitations as described in the questionnaire began in 2004. AR 263, 266.

Principally at issue here is Dr. Butler's assessment that Plaintiff's pain and other symptoms were constantly severe enough to interfere with the attention and concentration needed to perform even simple work tasks, and that Plaintiff was incapable of even low-stress jobs. JS at 6; see AR 20, 264. Dr. Butler also opined that Plaintiff would be limited to less than two hours of standing or walking and two hours of sitting in a work day, and that she would be absent from work for four or more days per month. AR 264, 266.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989); see also 20 C.F.R. § 404.1527(c)(2). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Reddick, 157 F.3d at 725 (noting that "[a] treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record").

As noted above, the ALJ assigned "less weight" to Dr. Butler's opinion. The ALJ offered the following explanation for doing so:

> The claimant reported that she could follow oral and written instructions with no difficulties. The medical source is not a psychiatrist (he is a family medicine physician) and there is no opinion from a specialist to the effect that the claimant could not perform the non-exertional functions of her past manager job.

> Although the claimant has complaints of back pain and sciatica during the relevant period, the record does not support trauma or that she had a disabling condition. Dr. Butler's retrospective check-off opinion lacks support since it fails to account for the claimant's alcohol consumption during the

4

relevant period, her non-compliance with treatment, and the opinion fails to account for the efficacy of medication as reflected in the record (she obtained relief from using a cream).

AR 20 (record citations omitted).[1]

It does not appear from the Court's review of the record or the ALJ's decision that the ALJ relied on an examining physician's opinion in affording less weight to Dr. Brooks's opinion. In fact, it appears that Dr. Brooks's opinion is the only opinion in the medical record from a physician who examined Plaintiff during the relevant period. Accordingly, the Court must consider whether the ALJ's reasons for rejecting Dr. Brooks's opinion are clear and convincing. The Court concludes that they are not.

As an initial matter, although treating opinions are not entitled to special consideration where they are unsupported by medical findings, Burkhart v. Bowen, 856 F.2d 1335, 1339-40 (9th Cir. 1988), that is not the case here. Dr. Butler's opinion is supported by seven years of clinic visits by Plaintiff, including several visits before Plaintiff's date last insured.[2] See AR 200-232, 246-262. At many of these visits, Plaintiff complained of serious pain. See, e.g.,

_____

[1] Elsewhere in the ALJ's opinion, in assessing the severity of Plaintiff's impairments, the ALJ noted that Plaintiff was "treated conservatively" for her back pain complaints. AR 16. The ALJ nonetheless found that Plaintiff's degenerative disc disease constituted a severe impairment. Id. Because the ALJ did not discuss Plaintiff's conservative treatment in the context of Dr. Butler's opinion as to Plaintiff's residual functional capacity, see AR 20, the Court will not presume that it formed a basis for the ALJ's rejection of Dr. Butler's opinion as to that issue.

[2] While Plaintiff was generally not examined by Dr. Butler himself during her visits to the T.H.E. Clinic, it is evident to the Court that Dr. Butler's opinion was developed in conjunction with the clinic's medical staff and is supported by their collective observations of Plaintiff.

AR 227 (July 11, 2005 visit at which Plaintiff reported that her pain was an eight on a scale out of ten). In his opinion, Dr. Butler reported tenderness as an objective sign of Plaintiff's pain. AR 263. The ALJ noted that the medical records revealed complaints of "back pain and sciatica during the relevant period." AR 20.[3]

Some of the ALJ's justifications for discrediting Dr. Butler's opinion bear no obvious relation to the aspects of the opinion that are at issue here. For example, the ALJ does not explain how Plaintiff's ability to follow instructions or her alcohol consumption call into question Dr. Butler's findings related to Plaintiff's chronic pain, her ability to handle stressful situations, or her capacity for standing, walking, and sitting. Similarly, it is not clear how a single 2006 reference to relief using pain cream, see AR 226, justifies rejecting Dr. Butler's assessment of chronic debilitating pain over the seven years that Plaintiff has visited his clinic (including more than two years before Plaintiff's date last insured).

The ALJ's reference to the lack of a specialist opinion is similarly unpersuasive. Plaintiff was not required to seek an opinion to the effect that she could not perform the non-exertional functions of her past manager job; indeed, that is not relevant to the RFC inquiry, which is made independent of the step four analysis. Although this RFC assessment is then compared with Plaintiff's past work in order to make a determination at step four, the Plaintiff's ability or inability to sustain past work is not relevant to the initial RFC assessment. Moreover, the Commissioner has presented no support for the ALJ's implication that only a psychiatrist would be qualified to assess

---

[3] The ALJ also noted that the record "does not support trauma." AR 20. However, it is unclear how this undermines Dr. Butler's medical opinion, which makes no reference to trauma. AR 263-66.

6

Plaintiff's non-exertional limitations.

The ALJ also made reference to the fact that Dr. Butler's opinion was a "retrospective check-off opinion." In support of this basis for discrediting the opinion, the Commissioner cites case law that stands for the proposition that "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations and quotation marks omitted); see JS at 9-10. But the facts here do not present such a situation, because Dr. Butler's opinion was supported by his finding of tenderness and by the copious numerous physical examinations contained in the medical record. Moreover, the underlying concern associated with check-off forms is mitigated where the form reflects observations from seven years of continuous treatment by numerous medical professionals in a single clinic. See, e.g., Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (comparing bare check-off form diagnosis with opinion of claimant's doctor of five years).

The ALJ also referred to Plaintiff's failure to comply with treatment. AR 20. Although non-compliance with treatment may undercut claims regarding the severity of the symptoms for which that treatment is prescribed, the only non-compliance referenced in the ALJ's decision relates to Plaintiff's blood pressure medication. See AR 16. It is unclear how Plaintiff's failure to comply with her hypertension treatment calls into question the limitations described in Dr. Butler's opinion.

Finally, the ALJ's explanation that "the record does not support . . . that [Plaintiff] had a disabling condition" is not a "specific and legitimate" reason for rejecting Dr. Butler's medical opinion because it constitutes the same kind of non-specific language rejected by the Ninth Circuit in Embrey v. Bowen, 849 F.2d 418 (9th Cir. 1988). There, the Ninth Circuit observed:

To say that medical opinions are not supported by sufficient

7

objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. . . . The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations. Accordingly, the ultimate conclusions of those physicians must be given substantial weight . . . .

Id. at 421-22.

In sum, the ALJ's rejection of Dr. Butler's medical opinion falls short of the required "detailed and thorough summary of the facts and conflicting clinical evidence." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). The Court finds that the ALJ did not lay out clear and convincing reasons for rejecting Dr. Butler's opinion about Plaintiff's limitations during the relevant period of potential disability.

## V.

## CONCLUSION

The law is well-established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603. Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for the payment of benefits, on the other hand, is appropriate where no useful purpose would be served by further administrative proceedings, see, e.g., Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been thoroughly developed and the law "direct[s] the conclusion" that the claimant is disabled, see, e.g., Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would simply delay the receipt of benefits, see, e.g., Bilby v.

<u>Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

In the Ninth Circuit, "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004) (citing <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000)); <u>see also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir. 1996). When this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. <u>Benecke</u>, 379 F.3d at 593.

Although the ALJ's decision to discredit Dr. Butler's medical opinion was error, a remand will permit the ALJ to develop an RFC assessment based on Dr. Butler's opinion and any other evidence in the record. <u>See</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) ("The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."). A remand is particularly appropriate given the need to carefully assess the medical evidence and opinions in order to determine Plaintiff's RFC as of her 2006 date last insured. Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings is warranted here.

///
///
///
///
///

9

1    Accordingly, IT IS HEREBY ORDERED that Judgment be entered

2  reversing the decision of the Commissioner of Social Security and remanding

3  this matter for further administrative proceedings.[4]

4

5  Dated:  May 28, 2014

6

7  _____

8  DOUGLAS F. McCORMICK
   United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____
   [4] It is not the Court's intent to limit the scope of the remand.
28

10